**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARTIN MEJIA MALAGON; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70979 <br><br> Agency Nos. A096-347-778 <br> A096-347-779 <br> A096-347-808 <br> A096-347-810 <br> A096-347-811 <br> A096-347-809 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2012[**]
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Jose Martin Mejia-Malagon ("Mejia"), along with his wife and their four

children (collectively "Petitioners"), petition for review of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of Petitioners' claims for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Mejia and his wife have not demonstrated "extraordinary circumstances" that would excuse their failure to file an asylum application within the statutory time period. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(5). The alleged ineffective assistance of counsel occurred long after the one-year deadline had passed and is irrelevant to support equitable tolling. In any event, substantial evidence supports the IJ's denial of Mejia's petition for asylum, and his wife and children's derivative claims, on the merits.

The record before us does not compel a finding that Mejia suffered "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see Shoafera v. INS*, 228 F.3d 1070, 1078 (9th Cir. 2000) (stating that an asylum applicant "ha[s] the burden to prove a nexus between her persecution and her membership in a protected class"); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only supports [a contrary] conclusion, but compels it . . . ."). Rather,

2

the record shows his brother's actions arose out of a family dispute over property, with no evidence of involvement of "the government or forces that the government is unwilling or unable to control." *Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006).

Moreover, "[o]ur caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (quotation marks and citations omitted). Substantial evidence supports the IJ's finding that the mistreatment endured by Mejia, viewed cumulatively, does not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005). Furthermore, Mejia has failed to make a compelling showing that his fear of future persecution is objectively well-founded. *See Sael v. Ashcroft*, 386 F.3d 922, 924-25 (9th Cir. 2004).

Because Petitioners have not satisfied the standard of proof required for an asylum claim, it necessarily follows that Petitioners have not satisfied the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We also affirm the IJ's determination that Petitioners were not entitled to protection under the Convention Against Torture. Mejia has not demonstrated that,

3

upon return to Mexico, he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DENIED.**